UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-1729 GAF (Ex) | Date | January 30, 2007 |
|---|---|---|---|
| Title | PC-Doctor, Inc. v. Ultra-X, Inc. | | |

| Present: The Honorable | GARY ALLEN FEESS | | |
|---|---|---|---|
| Marilynn Morris | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

### ORDER RE: PLAINTIFF'S MOTION TO STAY AND DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

**I. INTRODUCTION & BACKGROUND**

On March 22, 2006, Plaintiff PC-Doctor, Inc. filed this action against Defendant Ultra-X, Inc. for patent infringement. Plaintiff contends that it is the owner of United States Patent No. 6,829,726 (the "'726 Patent") entitled "Method and System for Testing a Universal Serial Bus Within a Computing Device." During discovery, Defendant discovered prior art references that put the validity of the '726 Patent into question, and promptly informed Plaintiff. Subsequently, Plaintiff filed a reissue application with the United States Patent and Trademark Office ("PTO") for reexamination of the '726 Patent. The reissue application seeks to amend the claims of the '726 Patent based on the prior art references that Defendant produced to Plaintiff.

Plaintiff now moves to stay the proceedings pending the resolution of its reissue application with the PTO. Defendant opposes the stay and instead seeks a dismissal of the action without prejudice. Separately, Defendant also moves for leave to amend its answer. As explained in greater detail below, the Court concludes that staying the proceedings is appropriate, and thus **GRANTS** Plaintiff's motion. Defendant's motion for leave to amend its answer is **DENIED** without prejudice. The hearing scheduled for Monday, February 5, 2007 is hereby **VACATED**. Fed. R. Civ. P. 78; Local Rule 7-15.

**II. DISCUSSION**

    **A. THE LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings, including the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1729 GAF (Ex) | Date | January 30, 2007 |
|---|---|---|---|
| Title | PC-Doctor, Inc. v. Ultra-X, Inc. | | |

authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). A stay pending the outcome of PTO reexamination and/or reissuance proceedings is a "sound means by which the court may facilitate resolution" of an action. ASCII Corp. v. STD Entm't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). Factors to consider in deciding a motion to stay pending PTO reexamination are: "(1) whether a stay would unduly prejudice the nonmoving party, or present a clear tactical advantage for the moving party; (2) whether a stay will simplify the issues; and (3) whether discovery is complete and whether a trial date has been set." In re Laughlin Prods., Inc., 265 F. Supp. 2d 525, 530-31 (E.D. Pa. 2003); ASCII Corp., 844 F. Supp. at 1380; Ricoh Co. v. Aeroflex Inc., Nos. C03-04669 MJJ, C03-02289 MJJ, 2006 WL 3708069, at *2 (N.D. Cal. Dec. 14, 2006).

### B. ANALYSIS

Here, an evaluation of the factors favors staying the proceedings. First, Defendant will not be unduly prejudiced by a stay because it has only conducted limited discovery, such as responding to Plaintiff's first set of interrogatories, submitting one set of requests for admission, and taking one deposition and noticing another. (McMahon Decl. ¶¶ 6-17.) See Werre v. Battenfeld Techs., Inc., No. 03-1471-AA, 2004 U.S. Dist. LEXIS 23250, at *3 (D. Or. 2004) (finding no undue prejudice where discovery had not yet closed, each party had served and responded to only one set of written discovery requests, no depositions had been taken or noticed, no expert reports had been exchanged, a Markman claim construction hearing had not been held, and no summary judgment motions had been filed). In addition, if a stay is granted, the PTO will expedite the reissue proceedings, which would minimize delay. (See Gregorian Decl., Ex. B [PTO Manual of Patent Examining Procedure] §§ 1440, 1442.03.) And though Defendant argues that a stay would allow Plaintiff to "undoubtedly continue to publicize the litigation and spread rumors regarding Ultra-X" (Opp. at 11), such speculation is based only on a single press release that Plaintiff issued in June 2006 to announce the litigation. Without anything more, there is no indication that Plaintiff intends to engage in a smear campaign against Defendant. See Laughlin Prods., 265 F. Supp. 2d at 531 (stay granted despite plaintiff previously "actively publiciz[ing]" litigation to the entire industry); ASCII Corp., 844 F. Supp. at 1381 ("Pure conjecture on the part of [the nonmoving party's] counsel is not sufficient."). Thus, Defendant will not be unduly prejudiced by a stay.

Second, staying the action is favored because reissue would likely simplify or resolve issues of validity and infringement in this case. Here, the '726 Patent is the only patent at issue. If the PTO determined that the '726 Patent was invalid, then that would entirely dispose of the case. Moreover, staying the action would foster judicial economy, as the Court would not waste time and resources on evaluating claims of invalidity and infringement if the underlying claims are later amended by the PTO. Thus, this factor weighs in favor of staying.

Finally, as noted above, discovery is not yet complete. And though a trial date has been set, that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1729 GAF (Ex) | Date | January 29, 2007 |
|---|---|---|---|
| Title | PC-Doctor, Inc. v. Ultra-X, Inc. | | |

fact does not control the analysis. See Middleton, Inc. v. Minn. Mining & Mfg. Co., No. 4:03-cv-40493, 2004 U.S. Dist. LEXIS 16812, at *19 (S.D. Iowa Aug. 24, 2004) (granting stay despite trial date set because "the ultimate determination is within the Court's discretion based on a weighing of the benefits of issuing a stay versus any added expenses resulting from the stay"). Here, the benefits of staying the action weigh heavily in favor of doing so.

Defendant contends that the Court should dismiss the action without prejudice because Plaintiff either knew its patent was invalid or failed to conduct an adequate prefiling investigation. Defendant relies heavily on L.E.A. Dynatech, Inc. v. Allina, 49 F.3d 1527 (Fed. Cir. 1995), to support its argument. However, L.E.A. Dynatech is distinguishable from this case. First, the PTO had rejected all claims in a Final Office Action, and the duration of an appeal was indefinite and the outcome unclear. Id. at 1530. Here, the PTO has not yet rendered a decision regarding Plaintiff's reissue application. Moreover, the Federal Circuit simply noted that the district court did not abuse its discretion in dismissing the action without prejudice. Id. It "by no means established a precedential rule that courts must dismiss any action that involves a patent concurrently subject to any PTO proceedings of any kind." Laughlin Prods., 265 F. Supp. 2d at 535. Thus, the Court exercises its discretion not to dismiss the case without prejudice.

Accordingly, the Court **GRANTS** Plaintiff's motion and **STAYS** the proceedings of this litigation pending the outcome of Plaintiff's reissue application before the PTO. The parties are **ORDERED** to notify the Court when the PTO has concluded its reexamination proceeding and reached a decision. In addition, because the proceedings are now stayed, Defendant's motion for leave to file an amended answer is **DENIED** without prejudice. If desired, Defendant may refile its motion after the stay is lifted.

IT IS SO ORDERED.